IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERENZO M. DELOACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:10-cv-1082-MEF |
| | ) | |
| COOPER LIGHTING, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are Defendant's Motions to Dismiss. (Docs. #10 & 28). In the motions, Defendant alleged that Plaintiff had failed to properly and timely serve Defendant with a Complaint. On July 12, 2011, after a review of the allegations in the Motions and the relevant case law regarding the dismissal of complaints based on improper service, the court exercised its discretion and granted Plaintiff's request for an extension of time under Rule 4(m) of the Federal Rules of Civil Procedure in which to perfect service. Order (Doc. #34). Thus, Defendant's Motions for dismissal based on improper service within a timely manner are moot.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motions to Dismiss (Docs. #10 & 28) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before August 18, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive,

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of August, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE